FILED
 2014 Sep-22  AM 11:52
 U.S. DISTRICT COURT
 N.D. OF ALABAMA

```
         IN THE UNITED STATES DISTRICT COURT
        FOR THE NORTHERN DISTRICT OF ALABAMA
                   MIDDLE DIVISION

LYNN GORDON,                    }
                                }
     Plaintiff,                 }
                                }     CIVIL ACTION NO.
v.                              }
                                }     4:12-CV-1625-WMA
CAROLYN W. COLVIN,              }
Acting Commissioner of Social   }
Security,                       }
                                }
     Defendant.                 }
                                }
```

**MEMORANDUM OPINION AND ORDER**

Before the court are two motions: a motion by plaintiff, Lynn Gordon, for new trial or to alter or amend the judgment of July 25, 2014, and her motion to remand pursuant to Sentence Six based on a subsequent fully favorable decision. For the reasons explained below, both motions will be denied.

The memorandum opinion and order being challenged were issued on July 25, 2014. They affirmed the Commissioner's denial of social security benefits to Gordon. "The Federal Rules of Civil Procedure provide two vehicles by which a party may seek relief in a postjudgment motion, Fed. R. Civ. P. 59(e) and Fed. R. Civ. P. 60(b)." *Melendez v. Sayer*, No. 8:10-cv-467-T-30AEP, 2011 WL 254728, *1 (M.D. Fla. Jan. 25, 2011). Gordon's motions, then, must be brought either under Rule 59 or under Rule 60. "[T]he style of a motion is not controlling." *Finch v. City of Vernon*, 845 F.2d 256,

1

258 (11th Cir. 1988). "In classifying postjudgment motions, this court has drawn a substantive/collateral distinction: 'Rule 59 applies to motions for reconsideration of matters encompassed in a decision on the merits of the dispute, and not matters collateral to the merits.'" *Id.* (quoting *Lucas v. Fla. Power & Light Co.*, 729 F.2d 1300, 1302 (11th Cir. 1984)). The nature of the relief sought in the motion is the controlling consideration; if the motion seeks to set aside a decision on the merits, it is properly considered to be a motion under Rule 59(e), even if the specific issue being raised was not previously addressed. *See Mays v. U.S. Postal Serv.*, 122 F.3d 43, 46 (11th Cir. 1997) (treating a post-judgment motion seeking to set aside a grant of summary judgment as a motion under Rule 59(e)); *Gordon v. Heimann*, 715 F.2d 531, 537 (11th Cir. 1983) (finding a request for attorney's fees to be outside the scope of Rule 59(e)). Because Gordon's second or alternative motion for a remand to the Commissioner seeks relief intrinsically tied to and dependent upon the merits of her challenge to the denial of benefits itself, both motions will be analyzed under Rule 59(e). There is nothing presented by Gordon that would trigger an inquiry under Rule 60.

"'The only grounds for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or fact.'" *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (quoting *In re Kellogg*, 197 F.3d 1116, 1119 (11th Cir. 1999)). The movant "cannot

use a Rule 59(e) motion to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005).

Employing this standard, Gordon's motion for new trial or to alter or amend the judgment is due to be denied. In her motion, Gordon cites ten pieces of evidence that she contends support a remand to the Appeals Council. This evidence, however, is contained entirely in the record already reviewed by the Appeals Council and by this court. Therefore, Gordon has submitted no new evidence that could justify an alteration of or amendment to the judgment.

Similarly, Gordon has not shown the existence of any "manifest erro[r] of law or fact," *Arthur*, 500 F.3d at 1343. Gordon's primary contention is that the Appeals Council improperly failed to consider new and relevant evidence presented to it, and that it failed to show in its denial of review that it adequately evaluated the new evidence. (Doc. 14). This court has already considered and rejected these arguments. (Doc. 12 at 14-15). "When a claimant properly presents new evidence, and the Appeals Council denies review, the Appeals Council must show in its written denial that it has adequately evaluated the new evidence," *Flowers v. Comm'r of Soc. Sec.*, 441 Fed. App'x 735, 745 (11th Cir. 2011), but "the AC is not required to provide a thorough explanation when denying review," *Burgin v. Comm'r of Soc. Sec.*, 420 Fed. App'x 901, 903

(11th Cir. 2011). All that is required is that the Appeals Council show in writing that it did evaluate the evidence and denied review. *See Ingram v. Comm'r of Soc. Sec. Admin.*, 486 F.3d 1253, 1262 (11th Cir. 2007). The AC did exactly that in this case; the record shows that the Appeals Council considered Gordon's "new evidence" (listing all 12 new exhibits) but found it insufficient to disturb the ALJ's decision. (R. at 1, 5-6).

Because Gordon is unable to show manifest error of law or fact, and is simply trying "to relitigate old matters," *Michael Linet*, 408 F.3d at 763, her motion for new trial or to alter or amend the judgment is due to be denied.[1]

Gordon's motion to remand pursuant to Sentence Six based on a subsequent fully favorable decision must also be denied. Gordon points out that the Commissioner issued her a fully favorable decision on June 26, 2012, finding her disabled as of November 17, 2009, eleven days after the ALJ's denial of benefits in this action. (Doc. 15 at 1). Gordon now argues for the first time that this later decision warrants a remand to the Commissioner under what is known as Sentence Six of 42 U.S.C. § 405(g). Sentence Six

---

[1] To the extent that Gordon actually seeks a new trial, that aspect of the motion is also denied, as no trial took place. *See D'Antignac v. Deere & Co.*, No. CV 110-116, 2013 WL 6383113 (S.D. Ga. Dec. 5, 2013) ("Rule 59(a) applies 'after a jury trial' or 'after a nonjury trial.' As there was no trial in this case, Rule 59(a) is inapplicable.") (internal citations omitted). Further, a motion for new trial in a nonjury case should be granted only upon a manifest error of law or fact, the same standard evaluated above, so the motion should be similarly denied. *See Tampa Port Auth. v. M/V Duchess*, 65 F. Supp. 2d 1303, 1305 (M.D. Fla. 1988).

provides:

> The court may . . . at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding . . . .

42 U.S.C. § 405(g) (2012).

Gordon's motion fails because it does not meet the standards of Rule 59(e), which, as explained above, will be applied to both motions. A motion to alter or amend is only to be granted upon a finding of "newly-discovered evidence or manifest errors of law or fact." *Arthur*, 500 F.3d at 1343. "[W]here a party attempts to introduce previously unsubmitted evidence on a motion to reconsider, the court should not grant the motion absent some showing that the evidence was not available during the pendency of the motion." *Mays*, 122 F.3d at 46. The subsequent decision relied upon by Gordon was and is in fact new evidence, since it is being presented to this court for the first time and was not evaluated by the Appeals Council. This showing, however, is not sufficient to require a remand, because Gordon has not demonstrated why she did not present the evidence to the court before her postjudgment motion. The evidence was available prior to this court's memorandum opinion. The Commissioner's decision was issued over two years before the opinion, and it was issued more than two months before Gordon submitted her initial brief to this court, wherein Gordon failed to mention it, much less argue it. Because Gordon has not

shown that the evidence was unavailable before this court's order affirming the Commissioner's decision, the court will not consider it as new evidence upon which it could grant Gordon's Rule 59(e) motion.

Because a remand was not warranted prior to the judgment, there was no manifest error of law or fact in refusing to remand the action. As stated, Gordon never presented the present argument in support of remand prior to this court's decision now being attacked. To be entitled to remand under Sentence Six, Gordon must show that "(1) new, noncumulative evidence exists, (2) the evidence is material such that a reasonable possibility exists that the new evidence would change the administrative result, and (3) good cause exists for the applicant's failure to submit the evidence at the appropriate administrative level." *Falge v. Apfel*, 105 F.3d 1320, 1323 (11th Cir. 1998). The subsequent determination was admittedly new evidence, because it was issued after the Appeals Council's decision to deny review. Good cause exists for not presenting it to the Appeals Council because it was not yet in existence, but good cause did not exist for not presenting it to this court earlier than in post-judgment proceedings.

Gordon has failed to demonstrate that an ALJ's subsequent decision is material and non-cumulative. "The materiality requirement is satisfied if a reasonable possibility exists that the new evidence would change the administrative result." *Archer v.*

6

*Comm'r of Soc. Sec.*, 170 Fed. App'x 80, 82 (11th Cir. 2006).

> For evidence to be new and noncumulative, it must relate to the time period on or before the date of the ALJ's decision. Evidence of deterioration of a previously-considered condition may subsequently entitle a claimant to benefit in a new application, but it is not probative of whether a person was disabled during the specific period under review. By contrast, evidence of a condition that existed prior to the ALJ hearing, but was not discovered until after the ALJ hearing, is new and noncumulative.

*Leiter v. Comm'r of Soc. Sec. Admin.*, 377 Fed. App'x 944, 950 (11th Cir. 2010) (internal citations omitted). *See also Carroll v. Soc. Sec. Admin. Comm'r*, 453 Fed. App'x 889, 892 (11th Cir. 2011) ("Evidence is irrelevant and immaterial when it relates to a time period after the eligibility determination at issue.").

Under this standard, the subsequent determination of disability is immaterial and does not warrant remand. In *Carroll*, the Eleventh Circuit found that a subsequent favorable decision with an effective date eighteen months after the original denial did not warrant a Sentence Six remand of the original case. *Id.* The court based its decision on the amount of time between the two decisions and the fact that the plaintiff relied on nothing more than the subsequent decision to support her motion to remand. *Id.* Like the plaintiff in *Carroll*, Gordon essentially relies only upon the subsequent decision to justify a Sentence Six remand.[2] The gap

---

[2] In her reply brief, Gordon also contends that the evidence previously submitted to the Appeals Council warrants a Sentence Six remand. This is improper because a Sentence Six remand is only appropriate when it concerns new evidence not submitted to the Appeals Council. *See Ingram*, 496 F.3d at 1269 ("Sentence six allows the district court to remand to the Commissioner to

in time was much more substantial in *Carroll* than in this case, but this does not automatically call for a remand. In *Moland v. Astrue*, this court found that a subsequent decision deemed effective the day after a previous denial did not warrant a Sentence Six remand of the original denial. No. CV-11-S-1155-M, 2012 WL 4815472 (N.D. Ala. Oct. 9, 2012). The court focused on the fact that the original denial spanned a period of three years (June 28, 2006, to August 5, 2009), so the determination of disability as of August 6, 2009, had no real bearing on the plaintiff's condition over that three-year span. *Id.* at *2.

This case is substantially similar to *Moland*. The original denial of benefits covers the time frame of April 2, 2007, to November 6, 2009. (R. at 44). This court determined that substantial evidence supported the denial of benefits for that period. While the subsequent decision found Gordon to be disabled beginning November 17, 2009, this has little or no probative value on her condition in 2007. *See Wilson v. Apfel*, 179 F.3d 1276, 1279 (11th Cir. 1999) (holding that, while a medical opinion subsequent to the ALJ's denial of benefits "may be relevant to whether a deterioration in [the plaintiff's] condition subsequently entitled her to benefits, it is simply not probative of any issue in this case.").

---

consider previously unavailable evidence; it does not grant a district court the power to remand for reconsideration of evidence previously considered by the Appeals Council.").

The ALJ's later and differing determination mentions the following evidence, dated on or before November 6, 2009 (the date of the denial in this case): a history of chronic neck pain dating to 2002 relating to cervical disk disease and fibromyalgia, confirmed by a 2008 examination by Dr. Stehr; reports of headaches and neck, shoulder, and joint pain to Quality of Life Health Services from May 2008 to August 2009; medical records from Yoyen Lau, D.O., containing diagnoses of depression and anxiety in 2007; a May 2008 psychological evaluation by Dr. Jack L. Bentley, Jr., diagnosing Gordon with major depressive disorder, anxiety, trichotillomania, shingles, and chronic cervical pain; and records from CED Mental Health Center showing that Gordon was followed for major depressive disorder, insomnia, anxiety, and trichotillomania since January 2009. (Doc. 15-1 at 8-9). All of this evidence is in the record and was considered by the ALJ and the Appeals Council prior to the appeal to this court. Therefore, the subsequent determination presents nothing new regarding Gordon's condition during the time frame of the original denial and does not support a remand.

The ALJ in the subsequent determination also considered evaluations by Dr. Wilson in January 2010 and Dr. Prince in March 2010. (Doc. 15-1 at 8-9). This court has already determined that these specific records do not warrant remand. (Doc. 12 at 22-26). The only other evidence mentioned by the ALJ is an examination by

Dr. David Brower in April 2010. (Doc. 15-1 at 8). Gordon, however, has not demonstrated how this examination in any way relates to her condition from April 2007 to November 2009, so this evidence is immaterial. Gordon, then, has failed to demonstrate that the subsequent favorable decision is material to this case.

## CONCLUSION

Because Gordon has not satisfied the requirements of Fed. R. Civ. P. 59(e), her motion for new trial or to alter or amend the judgment and her motion to remand pursuant to Sentence Six based on a subsequent fully favorable decision are DENIED.

The parties shall bear their own costs.

DONE this 22nd day of September, 2014.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE